**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Laura Freeman and David Freeman, Defendants,

Of whom Laura Freeman is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-001523

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

Unpublished Opinion No. 2017-UP-252
Submitted June 12, 2017 – Filed June 19, 2017

**AFFIRMED**

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Rebecca Rush Wray, of South Carolina Department of
Social Services, of Greenville, for Respondent.

Robert A. Clark, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:**  Laura Freeman (Mother) appeals the family court's order terminating her parental rights to her minor son and daughter (Children).  On appeal, Mother argues the family court erred in finding termination of parental rights (TPR) was in Children's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  Further, de novo review does not relieve the appellant of the burden of convincing this court that the preponderance of the evidence is against the findings of the family court.  *Id*. at 392, 709 S.E.2d at 655.

"A primary objective of the TPR statutes is to free children for the stability adoption can provide."  *S.C. Dep't of Soc. Servs. v. Janice C.*, 383 S.C. 221, 230, 678 S.E.2d 463, 468 (Ct. App. 2009); *see also* S.C. Code Ann. § 63-7-2510 (2010) (providing the purpose of the TPR statute is "to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life").

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and also finding TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2016).  The TPR statute "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship."  S.C. Code Ann. § 63-7-2620 (2010).

In a TPR case, the best interest of the child is the paramount consideration.  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's interest and the parental rights conflict."  § 63-7-2620.  "Appellate courts must consider the child's

perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013). "Parents have a fundamental interest in the care, custody, and management of their children. . . . However, a child has a fundamental interest in [TPR] if the parent-child relationship inhibits establishing secure, stable, and continuous relationships found in a home with proper parental care." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005).

We find TPR is in Children's best interest. Both the Department of Social Services (DSS) and the Guardian ad Litem (GAL) believed TPR was in Children's best interest. Patience Johnson, a DSS caseworker, expressed DSS's main concern with Mother was her continued drug use and positive drug screens. Mother admitted she had a cocaine habit and failed each random drug screen provided to her by DSS. Importantly, Mother failed a random drug screen approximately three months before the TPR hearing and admitted to using cocaine only two months before the hearing. When asked at the TPR hearing whether she would pass a drug screen that day, Mother replied she would likely test positive for cocaine. Although Mother expressed a desire at the June 2016 TPR hearing to attend inpatient drug treatment, Mother failed to obtain any drug treatment since Children were removed in March 2015. Mother acknowledged there was "no excuse" as to why she failed to complete drug treatment. Thus, Mother's ongoing use of cocaine and failure to obtain treatment makes it unlikely she will be able to provide a suitable home for Children in the foreseeable future. *See S.C. Dep't of Soc. Servs. v. Cummings*, 345 S.C. 288, 298, 547 S.E.2d 506, 511 (Ct. App. 2001) (holding the mother's history of drug relapse was a significant factor in determining TPR was in the child's best interest).

We acknowledge DSS did not present direct testimony stating an adoptive placement had been identified for Children. However, we are not aware of—and Mother does not cite to—any authority that *requires* DSS to identify an adoptive placement for children before the family court can order TPR. Further, we acknowledge evidence suggested Children had a meaningful bond with Mother. Under these facts, however, we find the risk to Children's safety due to Mother's failure to complete drug treatment and Children's need for stability and permanency outweigh any bond Children may have with Mother. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 331, 742 S.E.2d 697, 701 (Ct. App. 2013) ("We do not believe the existence of a bond alone is significant enough to preserve parental rights."). Mother has had sufficient opportunities to remedy her drug habit and obtain treatment, and Children should not have to continue to wait

to see if she will remedy the situation.  Therefore, we find TPR is in Children's best interest.

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.